The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEVINARE ANTWAN PARKER, <br><br> Defendant. | No. CR20-084 RSM <br><br> UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF BOND FOR TRAVEL |

The defendant, Devinare Parker, asks this Court to modify his bond to permit him to take a vacation to New Orleans with his parents. The government opposes the motion.

## **BACKGROUND**

The defendant is charged by Indictment with one count of *Unlawful Possession of a Destructive Device* in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(8), (f)(2). The charge arises from the defendant's conduct during the protests and civil unrest in May 2020 following the murder of George Floyd. On May 31, 2020, despite a 5:00 p.m. curfew, the defendant was walking down the middle of Third Avenue in downtown Seattle at 11:30 p.m. while carrying an open 16-ounce can of Bud Ice. Officers contacted the defendant to investigate and ultimately arrested him. A search incident to arrest turned up an improvised handgun, which was made from pieces of pipe and had a flashlight and laser sight attached to the side; the defendant also had a few

Response to Motion to Modify Bond Conditions - 1
*United States v. Parker*, CR20-084 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

shotgun shells. During the contact, the defendant yelled that he had a gun because he intended to shoot the police. Later, during transport, the defendant spit at an officer, hitting him in the eye; he also said he was infected with Covid-19.

The defendant made his Initial Appearance in this district on June 22, 2020, after the King County Prosecuting Attorney's Office dismissed its charges in favor of federal prosecution. Dkt. 8. The defendant stipulated to detention at the Initial Appearance. Dkt. 8. He later moved to reopen detention once a release plan was in place. Dkt. 17. This Court heard from the defense and the defendant's mother, Rene Nero, regarding the defendant's mental health challenges and the treatment plans in place were the Court to release the defendant. The release plan included the defendant's mother acting as a third-party custodian, and the defendant living with Ms. Nero at her home in South Carolina and accessing mental health services through the family's insurance. Dkt. 23. Ms. Nero assured the Court that she understood the defendant's mental health challenges and would ensure that he remained compliant with his medication regimen. Dkt. 23. On these assurances, this Court released the defendant to his mother as a third-party custodian. Dkt. 26.

Unfortunately, the defendant did not comply with the conditions of his bond. Instead, he left his residence in South Carolina without approval and returned to Washington. He did not promptly inform his probation officer. Dkt. 30. Ms. Nero, the defendant's mother, also did not inform the probation officer or the Court that her son had left her residence, despite her role as third-party custodian. Although the Court ultimately did not revoke the defendant's bond, his failure to comply with the conditions of release were gravely concerning, as was the third-party custodian's failure to honor her promises to the Court.

Since that time, the defendant has had a number of minor violations of his bond relating to use of marijuana or marijuana products; although the Court has ordered the defendant to stop using products that contain CBD products, the defendant has not done so. Dkt. 59. Additionally, in April 2022, the defendant failed to report for drug testing.

Response to Motion to Modify Bond Conditions - 2
*United States v. Parker*, CR20-084 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Dkt. 59. An additional allegation of a bond violation, again involving the use of
2  marijuana products, is currently pending before this Court; the defendant has denied the
3  allegation. Dkt. 62.

## ARGUMENT

Against this backdrop, the defendant asks the court to modify the conditions of his bond to allow him to take a vacation to New Orleans with his parents. The government and U.S. Probation both oppose the motion.

The purpose of an appearance bond and conditions of release are to assure the appearance of the person as required as well as the safety of the community. 18 U.S.C. § 3142(b), (c). The Court has the authority to modify the release order at any time. 18 U.S.C. § 3142(c)(3). Any modification should of course be consistent with the purposes of the bond.

The government has consulted with U.S. Probation, and joins it in opposing the defendant's motion. First, the defendant is not doing well on pretrial release. While his bond violations are not serious, they have continued unabated despite the admonitions of the probation officer and defense counsel. The Court, too, has admonished the defendant not to use any marijuana product, yet the use has continued. This intentional defiance of both the Court and U.S. Probation shows that the defendant is unwilling to comply with entirely reasonable restrictions on his conduct—restrictions that are in place to ensure community safety.

Even more concerning, however, is the defendant's overall mental health. The defendant has been able to maintain his residence and attend treatment, but he is in no sense doing well. As a recent example, the undersigned attorney understands that the defendant was barely able to attend the most recent hearing before this Court three days ago. Although he arrived on time, it took ten minutes just for his defense team to coax him into the courtroom, and he was scarcely able to participate.

This situation is likely a direct product of the fact that the defendant is not taking appropriate—or apparently *any*—medications. When this Court released the defendant, it

Response to Motion to Modify Bond Conditions - 3
*United States v. Parker*, CR20-084 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  was with the understanding and order that he would take all medications as prescribed.
2  Dkt. 26. Indeed, Ms. Nero emphasized in her letter to the Court that the defendant "is
3  quite unstable without medication," so she and her husband "ensure he stays compliant
4  with his meds when he is home with us." Dkt. 23-1. She also explained that, before the
5  defendant was on medications, the defendant "would be uncontrollable and making
6  t[h]reats," but once he was on an appropriate medication regimen, there were "no more
7  problems with his behavior." Dkt. 23-1. However, the government understands that U.S.
8  Probation believes that the defendant is no longer taking *any* medications, other than the
9  unauthorized CBD.[1] This is a serious violation of the defendant's bond, and it places the
10 community at risk. The government understands that the defendant's crime was
11 committed while he was noncompliant with treatment, as it appears he is again.

12      Second, the fact that he will be visiting with his parents should not reassure this
13 Court. As discussed above, the defendant's parents were third-party custodians for the
14 defendant after assuring the Court that they would notify U.S. Probation within one
15 business day if they lost contact with the defendant or violates any condition of his bond.
16 Dkt. 26. They did not do so. There is no reason to believe that the mere presence of his
17 parents would moderate the defendant's behavior.

18      To be clear, the government does not oppose the defendant visiting with his
19 parents. Indeed, in-person interaction with his parents may clarify for the Neros just how
20 poorly their son is doing. But a four-day vacation to The Big Easy is neither appropriate
21 for an individual out of compliance with the conditions of release—especially when he is
22 noncompliant with conditions relating to his own mental health and function, which were

---

[1] U.S. Probation's belief that the defendant is not taking any medications is based on officers' observations of the defendant over time and the defendant's complaints about the medications he was prescribed. Additionally, as part of the parties' attempts to resolve this case short of trial, the government referred this matter to King County Mental Health Court. The defendant was determined to be conditionally eligible, pending demonstrated compliance with recommendations. These recommendations included taking medications, all of which the defendant refused, resulting in his exclusion from the Mental Health Court program. While U.S. Probation strongly believes that the defendant is not taking medications, it has not yet noted a violation based on this failure pending the defendant's next meeting with his medication provider at the end of the month.

Response to Motion to Modify Bond Conditions - 4
*United States v. Parker*, CR20-084 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

designed to protect the community—nor necessary to allow the family to be together.[2] The Neros can come see their son in this district. The bond also permits the defendant can travel to see his parents in South Carolina.[3]

Accordingly, the government opposes modifying the bond to allow the defendant to take a vacation out of state.

DATED this 11th day of July 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/ Erin H. Becker*
ERIN H. BECKER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-2905
Fax: (206) 553-0755
E-mail: Erin.Becker@usdoj.gov

---

[2] The defendant initially portrayed this trip as a "family reunion," which would imply that that the defendant's parents may not have chosen the location and that the trip was a unique opportunity to see extended family members. The government understands that the defendant has now clarified that this trip is not a family reunion, but a vacation with his parents.

[3] Given the defendant's poor functioning, as evidenced by his near inability to attend court and other observations made by supervising officers, it is unclear whether the defendant currently has the mental wherewithal to plan and execute a trip out of the state.

Response to Motion to Modify Bond Conditions - 5
*United States v. Parker*, CR20-084 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970