The Honorable Ricardo S. Martinez

FILED _____
LODGED _____

FEB 22 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR20-84 RSM |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| DEVINARE ANTWAN PARKER, | |
| Defendant. | |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Erin H. Becker of the Western District of Washington, and Devinare Antwan Parker and his attorneys Sara Brin and Dennis Carroll enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.    **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: *Unlawful Possession of a Destructive*

Plea Agreement - 1
*United States v. Parker*, CR20-84 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | *Device*, as charged in Count 1, in violation of Title 26, United States Code, Section
2 | 5861(d) and 5845(a)(8), (f)(2).
3 |       By entering plea of guilty, Defendant hereby waives all objections to the form of
4 | the charging document. Defendant further understands that before entering any guilty
5 | plea, Defendant will be placed under oath. Any statement given by Defendant under oath
6 | may be used by the United States in a prosecution for perjury or false statement.
7 |       2.     **Elements of the Offense**. The elements of the offense to which Defendant
8 | is pleading guilty, *Unlawful Possession of a Destructive Device*, as charged in Count 1,
9 | are as follows:
10 |           First, the defendant knowingly possessed a destructive device;
11 |           Second, the defendant was aware of the characteristics that made it a
12 | destructive device; and
13 |           Third, the destructive device was not registered to the defendant in the
14 | National Firearms Registration and Transfer Record.
15 |       3.     **The Penalties**. Defendant understands that the statutory penalties
16 | applicable to the offense to which Defendant is pleading guilty, *Unlawful Possession of a*
17 | *Destructive Device*, as charged in Count 1, are as follows: A maximum term of
18 | imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision
19 | following release from prison of up to three years, and a mandatory special assessment of
20 | $100. If a probationary sentence is imposed, the probation period can be for up to five
21 | years.
22 |       Defendant understands that supervised release is a period of time following
23 | imprisonment during which Defendant will be subject to certain restrictive conditions and
24 | requirements. Defendant further understands that, if supervised release is imposed and
25 | Defendant violates one or more of the conditions or requirements, Defendant could be
26 | returned to prison for all or part of the term of supervised release that was originally
27 |

Plea Agreement - 2
*United States v. Parker*, CR20-84 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  imposed. This could result in Defendant serving a total term of imprisonment greater than

2  the statutory maximum stated above.

3         Defendant understands that as a part of any sentence, in addition to any term of

4  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

5  restitution to any victim of the offense, as required by law.

6         Defendant further understands that the consequences of pleading guilty may

7  include the forfeiture of certain property, either as a part of the sentence imposed by the

8  Court, or as a result of civil judicial or administrative process.

9         Defendant agrees that any monetary penalty the Court imposes, including the

10  special assessment, fine, costs, or restitution, is due and payable immediately and further

11  agrees to submit a completed Financial Disclosure Statement as requested by the United

12  States Attorney's Office.

13         Defendant understands that, if pleading guilty to a felony drug offense, Defendant

14  will become ineligible for certain food stamp and Social Security benefits as directed by

15  Title 21, United States Code, Section 862a.

16         4.      **Immigration Consequences**. Defendant recognizes that pleading guilty

17  may have consequences with respect to Defendant's immigration status if Defendant is

18  not a citizen of the United States. Under federal law, a broad range of crimes are grounds

19  for removal, and some offenses make removal from the United States presumptively

20  mandatory. Removal and other immigration consequences are the subject of a separate

21  proceeding, and Defendant understands that no one, including Defendant's attorney and

22  the Court, can predict with certainty the effect of a guilty plea on immigration status.

23  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

24  immigration consequences that Defendant's guilty plea may entail, even if the

25  consequence is Defendant's mandatory removal from the United States.

26         5.      **Rights Waived by Pleading Guilty.** Defendant understands that by

27  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

Plea Agreement - 3
*United States v. Parker*, CR20-84 RSM

a.     The right to plead not guilty and to persist in a plea of not guilty;

b.     The right to a speedy and public trial before a jury of Defendant's peers;

c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.     The right to confront and cross-examine witnesses against Defendant at trial;

f.     The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.     The right to appeal a finding of guilt or any pretrial rulings.

6.     **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to

Plea Agreement - 4
*United States v. Parker*, CR20-84 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

a. During the late evening hours of May 31, 2020, in Seattle, Washington, a large-scale public demonstration was occurring after the murder of George Floyd. Because of the nature of the demonstration, the Seattle mayor had declared a state of emergency and set a 5:00 p.m. curfew

b. At about 11:30 p.m., Seattle Police Department (SPD) Officer Molly Accomando was driving a patrol car north on Third Avenue in Seattle, Washington, with Sergeant Doug Raguso in the front passenger seat. As the two drove north through the 1400 block of Third Avenue, they passed Defendant, who

Plea Agreement - 5
*United States v. Parker*, CR20-84 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

was out past the 5:00 p.m. curfew walking in the middle of the street along with other people.

    c.    Sergeant Raguso got out of the patrol car, contacted Defendant, and lawfully arrested him.

    d.    In a lawful search of Defendant incident to his arrest, law enforcement officers located an improvised firearm on Defendant's person, as well as several 12-gauge shotgun shells and a folding knife. The firearm was constructed from two pieces of metal pipe. One piece of pipe was about eight to ten inches long with a handle. A second piece of pipe, wider than the first, had been fitted over it. This piece was capped, and a firing pin had been installed in the cap. A small laser pointer/flashlight had been attached to the side of the firearm. The firearm could be fired by placing a shotgun shell inside the smaller diameter pipe and then slamming the larger capped pipe into it.

    e.    Defendant admits that this weapon was a firearm within the meaning of federal law, 18 U.S.C. § 921(a)(3) and 26 U.S.C. § 5845(a)(8) and a destructive device as defined in 18 U.S.C. § 921(a)(4) and 26 U.S.C. § 5845(f)(2), and that he was aware of the characteristics of the device that brought it within those definitions.

    f.    Neither this weapon nor any other firearm is registered to Defendant in the National Firearms Registration and Transfer Record.

    g.    On May 31, 2020, Defendant knowingly possessed a destructive device that was not registered to Defendant in the National Firearms Registration and Transfer Record.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual

Plea Agreement - 6
*United States v. Parker*, CR20-84 RSM

1  statement contained herein is not intended to limit the facts that the parties may present to
2  the Court at the time of sentencing.

3       9.    **Sentencing Factors**. The parties agree that the following Sentencing
4  Guidelines provision applies to this case: Section 2K2.1(b)(3)(B), increasing the offense
5  level by two because the weapon is a destructive device.

6       The parties agree they are free to present arguments regarding the applicability of
7  all other provisions of the United States Sentencing Guidelines. Defendant understands,
8  however, that at the time of sentencing, the Court is free to reject these stipulated
9  adjustments, and is further free to apply additional downward or upward adjustments in
10  determining Defendant's Sentencing Guidelines range.

11       10.    **Acceptance of Responsibility.** At sentencing, *if* the Court concludes
12  Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant
13  to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will
14  make the motion necessary to permit the Court to decrease the total offense level by three
15  (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the
16  United States by timely notifying the United States of Defendant's intention to plead
17  guilty, thereby permitting the United States to avoid preparing for trial and permitting the
18  Court to allocate its resources efficiently.

19       11.    **Sentencing Recommendation**. The United States agrees to recommend a
20  total term of incarceration to be imposed by the Court that is no longer than a sentence
21  within the guidelines range as determined by the Court at sentencing. Defendant may
22  recommend whatever sentence he deems appropriate. Defendant understands that these
23  recommendations are not binding on the Court and that the Court may reject the
24  recommendations of the parties and may impose any term of imprisonment up to the
25  statutory maximum penalty authorized by law. Defendant further understands that
26  Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

27

Plea Agreement - 7
*United States v. Parker*, CR20-84 RSM

1    Court. Except as otherwise provided in this Plea Agreement, the parties are free to

2    present arguments regarding any other aspect of sentencing.

3         12.    **Forfeiture of Assets**. Defendant understands the forfeiture of property is

4    part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the

5    United States his right, title, and interest in any and all firearms, destructive devices, and

6    associated ammunition that facilitated his commission of *Unlawful Possession of a*

7    *Destructive Device*, as charged in Count 1, in violation of Title 26, United States Code,

8    Section 5861(d). The firearm, destructive device, and associated ammunition include, but

9    are not limited to, an improvised firearm and several 12-gauge shotgun shells seized from

10   Defendant on May 31, 2020. Such property is forfeitable pursuant to Title 26, United

11   States Code, Section 5872.

12        Defendant agrees to fully assist the United States in the forfeiture of the above-

13   identified firearms and any associated ammunition and to take whatever steps are

14   necessary to pass clear title to the United States, including but not limited to surrendering

15   title and executing any documents necessary to effectuate their forfeiture. Defendant

16   agrees not to file a claim, or to assist any third party in filing a claim, to any of the listed

17   firearms or associated ammunition in any forfeiture proceeding, administrative or

18   judicial, that may be initiated.

19        13.    **Abandonment of Property**. Defendant also agrees that, if any federal law

20   enforcement agency seized any illegal contraband that was in Defendant's direct or

21   indirect control, Defendant consents to the administrative or judicial disposition, official

22   use, and/or destruction of that contraband by the United States.

23        Defendant also agrees to abandon any interest he may have in any firearms,

24   firearms accessories (e.g., magazines, cases, bags, scopes, slings, sights, etc.), destructive

25   devices, or ammunition that were seized. He consents to the administrative or judicial

26   disposition, official use, and/or destruction of all such firearms, firearms accessories,

     destructive devices, and ammunition by the United States.

27

Plea Agreement - 8
*United States v. Parker*, CR20-84 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14.     **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15.     **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services

Plea Agreement - 9
*United States v. Parker*, CR20-84 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

/ / /

/ / /

Plea Agreement - 10
*United States v. Parker*, CR20-84 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 22nd day of February, 2023.

_____
DEVINARE ANTWAN PARKER
Defendant

_____
SARA BRIN       Dennis Carroll
Attorney for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

_____
ERIN H. BECKER
Assistant United States Attorney

Plea Agreement - 11
*United States v. Parker*, CR20-84 RSM